**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

YAKUBU ALHASSAN,

Petitioner,

v.

JEREMY CASEY, *et al.*,

Respondents.

Case No. 26-cv-02012-BAS-JLB

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 9)**

Petitioner Yakubu Alhassan filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming his immigration detention has been arbitrarily and unreasonably prolonged and that he was improperly denied a bond hearing. (ECF No. 9.) The Government concedes that, given the Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged and that he is entitled to a bond hearing where the Government would bear the burden of establishing by clear and convincing evidence that Petitioner is either a danger to the community or a risk of flight. (ECF No. 12.) Petitioner counters that the Immigration Judges are universally compromised and unable to render fair and impartial decisions, and thus, Petitioner is entitled to either immediate release or a bond hearing before the district court. (ECF No. 13.) For the reasons stated below, the Court **GRANTS** the Petition to the extent Petitioner argues his detention has been

- 1 -

arbitrarily and unreasonably prolonged, but orders a bond hearing before an Immigration Judge as requested by the Government.

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.    STATEMENT OF FACTS

Petitioner, a citizen of Ghana, entered the United States seeking asylum on February 23, 2025.  (ECF No. 1.)   He sat in immigration custody for almost eight months before he was granted a credible fear interview.  (*Id.*) He has now been detained for fourteen months without a merits hearing.  (*Id.*)

## III.    ANALYSIS

The Court finds that immigration detention without a bond hearing may be deemed arbitrarily and unreasonably prolonged and thus a violation of a detainee's due process rights. *See*, *e.g.*, *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so.").

In this case, Petitioner has been detained for fourteen months without a bond hearing. Inexplicably, he sat in immigration custody for almost eight months before he even received a credible fear interview.  The Government concedes that, given this Court's prior rulings, Petitioner's detention has been arbitrarily and unreasonably prolonged.  However, the Court finds that insufficient evidence has been presented to show that Petitioner cannot

26cv2012

get a fair hearing before any local Immigration Judge. Thus, the Court **GRANTS IN PART** the Petition.

## IV.   CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Yakubu Alhassan within fourteen days of the date of this Order. At that hearing, the Government bears the burden of proving by clear and convincing evidence that Petitioner cannot be released without posing a danger to the community or a risk of flight. If no bond hearing is held within fourteen days, Petitioner is ordered released forthwith.

The Clerk shall also close the case.

**IT IS SO ORDERED.**

**DATED: April 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

26cv2012